UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SUSAN SHORTILL,                                )
                                               )
                    Plaintiff                  )
                                               )
          v.                                   )        2:25-cv-00264-JAW
                                               )
RELIANCE STANDARD LIFE                         )
INSURANCE COMPANY,                             )
                                               )
                    Defendant                  )

**ORDER ON MOTION TO MODIFY
ADMINISTRATIVE RECORD**

In this action, Plaintiff seeks reinstatement of her long-term disability benefits, which benefits were terminated by Defendant. (Complaint, ECF No. 1.) The matter is before the Court on Plaintiff's motion to modify the administrative record. (Motion, ECF No. 9.) Defendant opposes the motion. (Response in Opposition, ECF No. 11.)

Following a review of the record and consideration of the parties' arguments, the Court denies Plaintiff's motion.

**BACKGROUND**

In July 2023, Plaintiff was injured after a fall down a flight of stairs. (Complaint ¶ 10.) Plaintiff submitted a disability claim to Defendant. (Complaint ¶ 11.) Defendant approved Plaintiff's claim and paid benefits until April 19, 2024, at which time Defendant terminated her claim. (Complaint ¶ 12.) Plaintiff appealed from the determination; Defendant denied the appeal. (Complaint ¶¶ 13, 14.)

Through her motion, Plaintiff seeks to add to the record on review four letters from health care providers from January to March 2024.  (*See* Attachment to Motion, ECF No. 9-1.)  Plaintiff asserts that she sent the letters to the plan administrator and her employer. (Reply ¶ 2, ECF No. 12.)

## DISCUSSION

Plaintiff argues "that there is no absolute bar to supplementing Defendant's proposed version of the administrative record" and that courts should consider "whether the administrator had notice, constructive or actual, of relevant medical materials" to determine if the record may be supplemented.  (Reply ¶¶ 6, 7 (citing to *Helton v. AT&T Inc.*, 709 F.3d 343, 352 (4th Cir. 2013)).).  The Fourth Circuit has adopted what it has described as "a more nuanced approach to the consideration of extrinsic evidence" on review, which approach permits a court under certain circumstances to consider extrinsic evidence when it "was known to the plan administrator when it rendered its benefits determination."  *Helton*, 709 F.3d at 352, 356.

Plaintiff has presented no authority to suggest that the First Circuit has adopted the same approach followed by the Fourth Circuit.  Regardless, the Fourth Circuit's approach does not appear to require or support modification of the record in this case.  Under the Fourth Circuit's approach, a court may consider extrinsic evidence that is known to the decision-maker even if not part of the administrative record.  Although Plaintiff sent the letters to her employer and/or the plan administrator (which was not the decision-maker), Plaintiff has presented no persuasive evidence that the letters from Plaintiff's providers were provided to Defendant or that Defendant was aware of the letters.

2

The First Circuit has "consistently held that the record before the district court should match the record reviewed by the administrative decisionmaker absent some special circumstance." *Doe v. Harvard Pilgrim Health Care, Inc.*, 974 F.3d 69, 75 (1st Cir. 2020); *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 24 (1st Cir. 2003) ("[I]t is at least doubtful that courts should be in a hurry to consider evidence or claims not presented to the plan administrator."). Under First Circuit precedent, additional evidence is more appropriately admitted on judicial review "[w]here the challenge is not to the merits of the decision to deny benefits, but to the procedure used to reach the decision." *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005). In other words, supplementation of the record might be more warranted where it is relevant to an "attack on the process of decision making as being contrary to statute than on the substance of the administrator's decision." *Id.* Consistent with this principle, in *Doe v. Harvard Pilgrim Health Care, Inc*, when the First Circuit rejected the plaintiff's contention that the district court erred when the court limited the record on judicial review to the record before the administrative decision-maker, the Court explained:

> [Plaintiff] offers no good reason for why the district court should not have proceeded in accord with this "strong presumption" against supplementing the administrative record. *Liston*, 330 F. 3d at 23. The case presents no claim that [Defendant's] process of decision-making was unlawful or that the administrator exhibited a conflict of interest.

*Doe*, 974 F.3d at 75.

In this case, Plaintiff does not argue that the evidence is relevant to a challenge to the integrity of the decision-making process. Instead, the proffered evidence is evidently intended to support Plaintiff's contention that she was disabled in April 2024 when

3

Defendant terminated Plaintiff's benefits.  The evidence is relevant to the substance of the decision rather than the decision-making process.

In sum, a review of the relevant authority and the circumstances of this case persuades the Court that Plaintiff has not overcome the "strong presumption" that the record is limited to the record before Defendant.  *Liston*, 330 F.3d at 23.

## CONCLUSION

Because the proffered evidence was not before Defendant and because Plaintiff has not demonstrated the special circumstances necessary to supplement the record as requested, the Court denies Plaintiff's motion.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of September, 2025.