UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SUSAN SHORTILL,<br><br>Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | No. 2:25-cv-00264-JAW-JCN |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

A plaintiff alleges that the defendant insurance company violated the Employee Retirement Income Security Act (ERISA) by denying the plaintiff long-term disability benefits. Both parties filed a motion for judgment on the administrative record. The magistrate judge recommended this court grant the defendant's motion and deny the plaintiff's motion. The plaintiff objects to the recommended decision. The court affirms the recommended decision and writes only to further address the plaintiff's concerns.

## I. BACKGROUND

On May 5, 2025, Plaintiff Susan Shortill filed a complaint against Defendant Reliance Standard Life Insurance Company to recover benefits under a long-term disability plan sponsored by her former employer, TRISTAR Service Company (TRISTAR). *Compl.* (ECF No. 1). On October 24, 2025, Ms. Shortill filed a motion for judgment on the administrative record, *Pl.'s Mot. for J. on the Admin. R.* (ECF No. 16), and so did Defendant Reliance Standard. *Def.' Mot. for J. on the R. for*

*Judicial Review* (ECF No. 17). On November 11, 2025, both parties filed their oppositions. *Pl.'s Opp'n to Def.'s Mot. for J. on the Admin. R.* (ECF No. 18); *Def.'s Opp'n to Pl.'s Mot. for J. on the Admin. R. and Disagreement with the Appendix of Facts* (ECF No. 19).

On April 30, 2026, the Magistrate Judge issued a recommended decision, recommending the Court grant Reliance Standard's motion and deny Ms. Shortill's motion. *Recommended Decision on Mots. for J. on the Admin. R.* at 1 (ECF No. 20) (*Recommended Decision*). The Magistrate Judge reasoned that Reliance Standard's decision to deny Ms. Shortill's claim for disability benefits after April 19, 2024 was supported by the record and therefore could not reasonably be characterized as arbitrary and capricious. *Id.* at 28-29. On May 6, 2026, Ms. Shortill objected to the Recommended Decision. *Pl.'s Obj. to Report and Recommended Decision by Magistrate Judge John Nivison, dated April 30, 2026* (ECF No. 21) (*Pl.'s Obj.*). On May 14, 2026, Reliance Standard responded to Ms. Shortill's objection. *Def.'s Resp. to Pl.'s Objs. to Magistrate Judge John C. Nivison's April 30, 2026 Recommendation on Mots. for J. on the Admin. R.* (ECF No. 22) (*Def.'s Resp.*).

## II. DISCUSSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a de novo determination of the Magistrate Judge's ruling on the motion to dismiss. *See* 28 U.S.C. § 636(b)(1). The Court concurs with the recommendations of the Magistrate Judge for the reasons set

forth in his Recommended Decision. The Court writes only to address Ms. Shortill's three objections.

First, Ms. Shortill objects to the Magistrate Judge's conclusion that Reliance Standard adequately assessed Ms. Shortill's mental health concerts at the pre-appeal and appeal levels and argues that, in fact, Reliance Standard failed to provide her a full and fair review as required by 29 U.S.C. § 1133(2) and 29 C.F.R § 2560.503- 1(h)(2)(iv). *Pl.'s Obj.* at 1. Mr. Shortill argues Standard Reliance erroneously found a lack of support for continued disability from April 19, 2024 to June 11, 2024 because, during that period, "records documented the rapid decline of Plaintiff's mental health" which she and providers believed caused her fatigue. *Id.* In response, Standard Reliance admits that "some records refer to depression" but that Ms. Shortill failed to meet her burden of "providing objective proof of limitations from a diagnosed condition." *Def.'s Resp.* at 2 (citing *Boardman v. Prudential Ins. Co. of America*, 337 F.3d 9, 17 (1st Cir. 2003). It also points out, "[b]y the final claim decision, there was no therapy and there was no opinion by anyone that Plaintiff was impaired due to depression." *Id.* at 3.

In reviewing the record, the Court agrees with the Magistrate Judge that Ms. Shortill "did not include her mental health condition among the bases for her disability," *Recommended Decision* at 21, and that, as a claimant, she "bears the burden of proving evidence that [she] is disabled within the plan's definition." *Id.* (quoting *Morales-Alejandro v. Med. Card Sys., Inc.*, 486 F.3d 693, 700 (1st Cir. 2007). Indeed, Ms. Shortill "did not assert that a mental health condition prevented her from

working" nor did she "offer any evidence that she pursued treatment for depression with a therapist or other mental health provider during the relevant period." *Id.* at 21. The Court concludes that the Magistrate Judge properly determined that Ms. Shortill is now attempting to raise before this Court an issue she failed to present at the pre-appeal and appeal levels.

Second, Ms. Shortill objects to what she views as the Magistrate Judge's improper condoning of "the Defendant's cherry-picking of records concerning the Plaintiff's neck injuries." *Pl.'s Obj.* at 4. Ms. Shortill claims the records show her neck pain requiring surgery on June 11, 2024 "existed consistently since her fall in the Fall of 2023" and the "surgical intervention in June 2024 did not mark the beginning of these limitations; rather, it was a necessary step following the failure of conservative treatment to address long-standing, disabling symptoms." *Id.* at 6. To support her objection, she cites portions of the administrative record including a follow-up with Christine Rose, PA-C, for "neck pain," mentions of shoulder pain in March and April of 2024, a limited cervical range of motion on April 19, 2024, and self-reported radicular symptoms limiting activities of daily life on May 8, 2024. *Id.* at 5 (citing *Admin. R.* at 65, 670, 679, 681 (ECF No. 8)).[1]

"Where, as here, the ERISA plan provides the plan administrator with the authority and discretion to interpret the plan and to determine eligibility for benefits, we must uphold the administrator's decision 'unless it was arbitrary, capricious, or

---

[1] The Court references the pagination in ECF, which is one page off from the Bates numbering of the Administrative Record so, for example, AR0064 appears on PDF page 65 on ECF.

an abuse of discretion.'" *O'Shea through O'Shea v. UPS Ret. Plan*, 837 F.3d 67, 73 (1st Cir. 2016) (quoting *Niebauer v. Crane & Co.*, 783 F.3d 914, 922-923 (1st Cir. 2015)). So long as the decision to terminate benefits was "reasoned and supported by substantial evidence," the Court will uphold it. *Medina v. Metro. Life Ins. Co.*, 588 F.3d 41, 45 (1st Cir. 2009).

The Court does so here. Contrary to the administrative record evidence Ms. Shortill presents, Reliance Standard highlights a June 11, 2024 progress note from James Kang, M.D. stating "Shortill is . . . now presenting with 1 month history of neck pain" which "began suddenly last month." *Def.'s Resp.* at 4 (citing *Admin. R.* at 645). Later in the same report, Dr. Kang again referred to Ms. Shortill's "new complaint of neck pain and bilateral UE radicular symptoms in the setting of a prior history of C7 spinous process fracture." *Id.* (citing *Admin. R.* at 648). Reliance Standard concludes "[t]hese statements can only mean that her neck symptoms which eventually led to surgery were not present when benefits ended on April 19, 2024." *Id.* As Reliance Standard explains, Ms. Shortill's "claim was denied because Plaintiff's neck symptoms did not cause or contribute to a disability as of April 19, 2024, when benefits ended and so too did her coverage" adding "[b]ecause these symptoms did not exist at the time benefits ended, they cannot support the continuation of benefits after April 19, 2024." *Def.'s Resp.* at 4.

Reliance Standard also rebuts the evidence Ms. Shortill submitted supporting her claim that her neck injury was present since her fall in the fall of 2023. For example, Reliance Standard points out that "[w]hile there is a reference to her

cervical spine, it states "[n]ormal sensation C6, C7, C8." *Id.* at 5 (citing *Admin. R.* at 681). Additionally, Plaintiff claims that "[d]ocumentation of [ ] radicular pain is replete throughout the spring of 2024" however Reliance Standard highlights the "note from April 24, 2024 beginning on that page only refers to her right shoulder" and even adds that her physical therapy is "going well" and her pain is at a 2/10. *Id.* at 4-5 (citing *Admin. R.* at 679-680). However, even if the Court did consider the record replete with evidence of cervical injury—which it does not—"[e]vidence contrary to an administrator's decision does not make the decision unreasonable, provided substantial evidence supports the decision." *Wright v. R.R. Donnelley & Sons Co. Group Benefits Plan*, 402 F.3d 67, 74 (1st Cir. 2005).

Reliance Standard additionally explains "Plaintiff returned to work full-time on March 14, 2024" and "[t]he fact that Plaintiff was able to return to work full-time even before April 19, 2024 refutes her assertion that she remained Totally Disabled throughout spring 2024." *Id.* at 6 (citing *Admin. R.* at 158). In sum, the Court agrees with the Magistrate Judge that "Defendant's determination that Plaintiff was not disabled between April 19, 2024, and June 11, 2024, is supported by substantial evidence and, therefore, was not arbitrary and capricious." *Recommended Decision* at 25.

Third, Ms. Shortill objects to what she considers the Magistrate Judge's "impermissibl[e] . . . reliance on a vocational assessment that all but confirmed Plaintiff was unable to perform the duties of her prior occupation as a claims supervisor." *Pl.'s Obj.* at 6. Reliance Standard counters "not only was Plaintiff

approved to return to her Regular Occupation before April 19, 2024, she did so" which means "there really is no dispute that she was capable of performing all of the material duties of her Regular Occupation." *Def.'s Resp.* at 7.

Ms. Shortill had a sedentary job that occasionally required pushing and pulling at least ten pounds for up to 33% of her workday. *Admin. R.* at 77. Further, Dr. Ashish Anand advised that while Ms. Shortill could not push or pull with her right upper extremity, she could use her left upper extremity for all activities, including pushing and pulling, and she could use both extremities for simple grasping. *Admin. R.* at 728-729. Despite this, Reliance Standard's vocational reviewer concluded that Ms. Shortill would not be precluded from performing the material duties of her Regular Occupation.[2] *Id.* at 77-78.

Ms. Shortill argues "the issue should be whether the inability to push or pull with a right dominant arm precluded full time sedentary capacity" but that Reliance Standard "simply dismissed the issue as moot because Defendant unilaterally determined that the occupation did not require pushing and pulling activities." *Pl.'s Obj.* at 9. However, Dr. Anand indicated she could push and pull, as well as make full use of her left arm. *See Admin. R.* at 728-729. Therefore, although the vocational assessment concluded "Ms. Shortill would not be precluded from the ability to perform the material duties of her Regular Occupation" at least in part because her

[2] The Policy defined "Regular Occupation" to mean "the occupation the [insured] is routinely performing when Total Disability begins" and explained that the duties of an occupation would be evaluated with reference to the insured's "occupation as it is normally performed in the national economy, and not the unique duties performed for a specific employer or in a specific locale." *Admin. R.* at 10.

occupation "as performed in the national economy . . . does not typically involve pushing or pulling activities," the conclusion is not arbitrary and capricious because the vocational assessment additionally cited Dr. Anand's opinion that Ms. Shortill's left upper extremity was fully functional. *Admin. R.* at 743-744.

In sum, the Court agrees with the Magistrate Judge.

> Defendant reasonably determined that Plaintiff could perform her Regular Occupation after (a) accounting for the requirements of Plaintiff's occupation as normally performed in the national economy, (b) considering the reasoned medical opinion that she could perform work with some restrictions as of April 19, 2024, and (c) assessing the only vocational expert evidence of record, which evidence provided that Plaintiff could perform her Regular Occupation as of April 19, 2024.

*Recommended Decision* at 28.

## III. CONCLUSION

The Court AFFIRMS the Recommended Decision on Motions for Judgment on the Administrative Record (ECF No. 20). The Court GRANTS Reliance Standard Life Insurance Company's Motion for Judgment on the Record for Judicial Review (ECF No. 17) and DENIES Susan Shortill's Motion for Judgment on the Administrative Record (ECF No. 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2026